IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE PRESTON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 20-4194 |
| | : | |
| SOUTH EASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, *et al.*, | : : | |
| | : | |
| Defendants. | : | |

### MEMORANDUM

**TUCKER, J.**                                                                 September 22, 2021

Presently before the Court is Defendants South Eastern Pennsylvania Transportation Authority ("SEPTA"), Lemar Graham ("Graham"), Joe Mets ("Mets"), and Sean Bain's ("Bain") Motion to Dismiss (ECF No. 11), Plaintiff's, George Preston ("Preston"), Response in Opposition (ECF No. 12), improperly labeled as a Motion, and Defendants' Reply Brief (ECF No. 15). Upon careful consideration of the Parties' submission, and for the reasons outlined below, Defendants' Motion is **GRANTED,** and Plaintiff's Amended Complaint is **DISMISSED**.

### I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

In October of 2011, SEPTA hired Plaintiff, an African American man, as a bus mechanic. Am. Compl. ¶ 17. He was eventually promoted in 2013 to First Class Rail Vehicle General Mechanic. *Id*. ¶ 18. Five years later, Plaintiff alleges Bain, a white man, began to target and harass him because of his race. *Id*. ¶ 19-30. Bain apparently conveyed to two co-workers that he wanted to fire Plaintiff. First, he told Dustin Theobald, "I know [Preston] is trying to f*** me. I'm going to catch [] and fire him," *Id*. ¶ 21; he then said to Larry Shaheen, "I'm going to fire

---

[1] This section draws primarily from Plaintiff's Amended Complaint (ECF No. 9).

[Plaintiff's] ass." *Id.* ¶ 29.  Shaheen told Plaintiff about the comments and advised him to "watch his back." *Id.* ¶ 30.

Around January of 2019, Plaintiff reported Bain's alleged racial targeting to Defendant Graham.[2] Am. Compl. ¶¶ 31-32.  Graham told Plaintiff that he would talk to Bain and "handle it." *Id.* ¶ 33.  Preston, however, was not assured; he felt Graham did not take his anguish and distress seriously. *Id.* ¶ 36.  He asserts Bain continued to target him by: watching, following, leering, and treating him differently than other similarly situated non-African American employees. *Id.* ¶ 37.

Later that month, while at work, Bain referred to Plaintiff as "George of the Jungle" over the loudspeaker. Am. Compl. ¶ 43.  Embarrassed, Preston reported the incident to Graham and his union representative. *Id.* ¶¶ 46, 55.  Graham assured Plaintiff that he would handle it, while his union representative told him to "wait and see what they would do" and to write an official statement. *Id.*

Bain attempted to smooth things over, approached Plaintiff after the incident, and said, "I'm not trying to fire you." Am. Compl. ¶ 57.  However, Preston alleges Bain continued to: (1) watch his "every move" and (2) inform other employees that he was going to fire him. *Id.* ¶ 58.  Plaintiff argues Bain had such a racial animus towards him, that when he asked Bain why he stalked him, Bain ignored Plaintiff and "appeared visually annoyed." *Id.* ¶ 60.

On March 6, 2019, SEPTA determined Bain's loudspeaker comment violated their Harassment Prevention and Retaliation Policy.  Am. Compl. ¶ 63.  Bain, however, was never reprimanded.  Nonetheless, he eventually voluntarily resigned for another, better paying position. *Id.* ¶ 65.

---

[2] Defendant Graham is a part of SEPTA's upper management.  Am. Compl. ¶ 31.

On March 31, 2019, Plaintiff reported to work but, because he was unable to start his assignment, began to use his personal iPad. Am. Compl. ¶¶ 67, 69. Defendant Mets observed Plaintiff with the iPad, swung a chair at him, and threatened to write him up. *Id*. at 70-73. On April 2, 2019, Plaintiff's union representative approached and informed Preston that he would receive a verbal warning, instead. *Id*. ¶ 74. Plaintiff was surprised, upset, and humiliated because he alleges other employees use their personal iPads and none have received a verbal warning or a write up; specifically, Plaintiff alleges Mets himself has used his own personal devices to show Plaintiff videos and pictures. *Id*. ¶¶ 75-76. Nothing else arose from this situation. Moreover, Plaintiff still works for SEPTA. Defs.' Br. 5.

On August 26, 2020, Plaintiff initiated this action but amended the complaint on November 20, 2020. ECF Nos. 1, 9. Preston's Amended Complaint alleges violations of: Title VII of the Civil Rights Act, the Pennsylvania Humans Relations Act ("PHRA"), and U.S.C. § 1981. Defendants filed this Motion to Dismiss, pursuant to Fed. R. Civ. Pro. 12(b)(6). ECF No. 11.

## II. STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) Motion to Dismiss is to test the sufficiency of pleadings. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The touchstone of that pleading standard is plausibility. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted). Facial plausibility requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. A plaintiff will not prevail if he provides only "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Instead, the plaintiff must detail "enough facts to raise a reasonable expectation that discovery will reveal evidence of 'each necessary element of the claims alleged in the complaint.'" *Id*. at 556.

*Santiago v. Warminster Township* sets forth a three-part test that district courts must apply when evaluating whether allegations survive a 12(b)(6) motion to dismiss. 629 F.3d 121 (3d Cir. 2010).  A court must: (1) identify the elements of the claim; (2) review the complaint to strike conclusory allegations; and (3) look at the well-pleaded components of the complaint and evaluate "whether all the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  If the complaint fails to do so, the motion for dismiss will be granted.

**III.    DISCUSSION**

**A.  Plaintiff has Failed to Allege an Adverse Employment Action**

Title VII prohibits discrimination against employees "on the basis of race, color, religion, sex, and national origin." *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 173 (2011).  The PHRA offers similar protections and additionally protects employees based on age, handicap, or disability.  43 Pa. Stat. § 952.  PHRA violations are analyzed under the same framework as Title VII violations. *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013) ("Claims under the PHRA are interpreted coextensively with Title VII claims.") (internal quotations and citations omitted).  Moreover, § 1981 elements are generally identical to those of Title VII. *See Patterson v. McLean Credit Union*, 491 U.S. 164, 186 (1989).  As such, this Court will address all three statutes together.

To prove discrimination under Title VII, the PHRA, and § 1981 a plaintiff must show that they: (1) are a member of a protected class; (2) satisfactorily performed their required duties;

4

(3) suffered an adverse employment action; and (4) the adverse employment action occurred "under circumstances that raise an inference of discriminatory action." *Walker v. Centocor Ortho Biotech, Inc.*, 558 F. App' x 216, 219-20 (3d Cir. 2014) (quoting *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003)).

The parties do not dispute that Preston is a member of a protected class nor that his job performance was unsatisfactory. Thus, all that is left for this Court to consider are whether Plaintiff suffered an adverse employment action and, if so, did it raise to the inference of a discriminatory action. This Court finds that Plaintiff has failed to satisfy either prong.

Here, Plaintiff was not demoted, suspended, or had his job responsibilities altered. He was not terminated and currently still works for SEPTA. Preston fails to plead other actions that would rise to an adverse action. Moreover, Plaintiff's allegation that he was given a verbal warning for using his iPad at work does not amount to an adverse employment action. *See, e.g., Deans v. Kennedy House, Inc.*, 998 F. Supp. 2d 393, 410-11 (E.D. Pa.), *aff'd*, 587 F. App' x 731 (3d Cir. 2014) (the court held that receiving a verbal and written warning, adjusted work schedule, and docking of pay for tardiness did not amount to adverse actions).

In the alternative, even if this Court were to consider this single verbal warning as an adverse action, it still would not satisfy the fourth element. Plaintiff was given the warning because he was on his iPad, not because he is African American. Thus, his claims under Title VII, PHRA, and § 1981 are dismissed.

**B.  Plaintiff has failed to sufficiently plead Hostile Work Environment Allegations**

Title VII prohibits discrimination against employees "on the basis of race, color, religion, sex, and national origin." *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 173 (2011). The PHRA offers similar protections and adds age, handicap, or disability as protected classes. 43

Pa. Stat. § 952.  PHRA violations are analyzed under the same framework as Title VII violations. *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013) ("Claims under the PHRA are interpreted coextensively with Title VII claims.") (internal quotations and citations omitted).

To prove hostile work environment under Title VII and PHRA, a plaintiff must show that: (1) they suffered intentional discrimination because of their protected class; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected him; (4) the discrimination would detrimentally affect a reasonable person in like circumstance; and (5) there is a basis for vicarious liability.  *Caver v. City of Trenton*, 420 F.3d 243, 261 (3d Cir. 2005) (quotations omitted).  Only these *prima facie* elements need to be established at the motion to dismiss stage "because it may be difficult for a plaintiff to prove discrimination before discovery has unearthed relevant facts and evidence."  *Castleberry v. STI Group*, 863 F.3d 259, 266 (3d Cir. 2017) (internal citation omitted.)

First, Plaintiff's Amended Complaint fails to plead sufficient facts to show he suffered intentional discrimination because of his race.  Plaintiff has failed to specifically link Bain's stalking, comments, and behavior to Preston's race.  Even Bain's two statements to other co-workers about firing Preston did not reference Plaintiff's race.

Moreover, Plaintiff cannot satisfy the second element.  First, Plaintiff suffered a single, isolated instance where Bain referred to him as "George the Jungle."  This alone, is not enough to constitute a hostile work environment. *Perry v. Harvey*, 332 F. App' x 728, 732 (3d Cir. 2009) (quoting *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 21 (1993)).  Courts have determined that there needs to be a "steady barrage of opprobrious racial comments."  *Canada v. Samuel Grossi & Sons, Inc.*, 2020 WL 4436855, at *9 (E.D. Pa. Aug, 3, 2020) (quoting *Barbosa v. Tribune Co.*, 2003 WL 22238984, at *3 (E.D. Pa. Sept. 25, 2003)).  Additionally, Plaintiff only had one other

interaction with Bain where he said, "I'm not trying to fire you."  This Court cannot reasonably determine there was racial discrimination as Defendant assured Plaintiff of his position.

### C. Plaintiff has failed to prove his Aiding and Abetting Claims against Graham, Mets, and Bain.

Under PHRA, Plaintiff asserts claims of aiding and abetting against Graham, Mets, and Bain.  However, because Plaintiff is unable to satisfy his underlying PHRA claim, addressed above, Plaintiff cannot now prove these claims against individual Defendants.  *Lombard v. Lassip Inc.*, 2017 WL 6367956, at *5 (E.D. Pa. Dec. 13, 2017) (quoting *Burgess-Walls v. Brown*, 2011 WL 3702458, at *6 (E.D. Pa. Aug. 22, 2011) (holding that no aiding and abetting claim exists when "there is no corresponding § 955(a) violation by an employer to aid and abet.")).  Thus, this claim is also dismissed.

### D. Plaintiff cannot bring a § 1981 claim against SEPTA, a public entity

Plaintiff asserts a § 1981 claim against SEPTA.  As stated above, § 1981 claims follow a similar framework to Title VII claims in establishing a *prima facie* case of racial discrimination.

However, this Court does not reach *prima facie* racial discrimination analysis as the Third Circuit has held that §1981 does not apply to state actors.  *McGovern v. City of Philadelphia*, 554 F.3d 114, 118 (3d Cir. 2009) (citing *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 731 (1989)).  The *McGovern* court held that a public employer cannot be sued under §1981 because §1983 provides the exclusive federal remedy against a state actor.  *Id*. at 121.  Thus, Plaintiff's claim must be dismissed[3].

### IV.   CONCLUSION

For the foregoing reasons, this Court grants Defendants' Motion to Dismiss. An appropriate order follows.

---

[3] Because this Court grants Defendants' Motion to Dismiss, it need not address Section F of their brief.

7